IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-208-TAV-HBG |
| | ) | |
| RANDY EUGENE WARREN, and | ) | |
| THOMAS O. MACKEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties case came before the Court on June 30, 2020, for a scheduled pretrial conference and telephonic motion hearing on the following motions: Defendant Randy Eugene Warren's Motion to Continue [Doc. 100] the pretrial conference and Defendant Thomas O. Mackey's Motion to Continue Hearing on Motion to Suppress Evidence [Doc. 101] and Motion to Continue Trial [Doc. 104]. Assistant United States Attorney Alan Scott Kirk participated by telephone on behalf of the Government. Attorney Russell T. Greene appeared telephonically on behalf of Defendant Warren. Attorney Michael B. Menefee, also appearing by telephone, represented Defendant Mackey. Both Defendants were excused from this hearing.

Defendant Mackey moves the Court to continue the July 7 suppression hearing and the July 14 trial date in this case. He contends that counsel is awaiting recovered video footage from a security camera, which is relevant to his suppression motion. Counsel needs time to review the

security camera footage in preparation for the suppression hearing. The motion relates that neither the Government, nor counsel for Defendant Warren oppose the requested continuance. Defendant Warren asks to continue the pretrial conference to give counsel time to confer with the Defendant on the discovery and other issues in this case.

At the motion hearing, Mr. Menefee asked that the suppression hearing be continued to late August or early September. AUSA Kirk confirmed that the Government did not object to a trial continuance and stated that the recovered security camera footage contains over 900 gigabytes of data. The parties agreed on a new trial date of January 12, 2021.

The Court finds Defendant Mackey's motion to continue the trial is unopposed and well taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Counsel for Defendant Mackey needs additional time to review new discovery and to litigate a dispositive motion. 18 U.S.C. § 3142(h)(1)(D). The suppression hearing is continued to August 31, 2020, at 1:30 p.m. Following the evidentiary hearing, the undersigned will need time to prepare a report and recommendation, and the District Judge will need time to rule on the motion, after any objections and responses are filed. *See* 18 U.S.C. § 3142(h)(1)(H). Additionally, counsel for Defendant Warren needs additional time to confer with his client. The Court finds that all of this cannot occur by the July 14 trial date or in less than six months. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motions to continue the trial, pretrial conference, and suppression hearing [Docs. 100, 101, & 104] are **GRANTED**, and the trial of this matter is reset to **January 12, 2021.** The

Court finds that all the time between the filing of the motions to continue on June 26, 2020, and the new trial date of January 12, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Court also set a new schedule in this case, which is stated below.

Accordingly, it is **ORDERED**:

(1) Defendant Randy Warren's Motion to Continue [**Doc. 100**] and Defendant Thomas O. Mackey's Motion to Continue Hearing on Motion to Suppress Evidence [**Doc. 101**] and Motion to Continue Trial [**Doc. 104**] are **GRANTED**;

(2) The trial of this case is reset to commence on **January 12, 2021**, at **9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motions on **June 26, 2020**, and the new trial date of **January 12, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The evidentiary hearing on Defendant Thomas O. Mackey's Motion to Suppress Evidence [Doc. 90] is reset to **August 31, 2020, at 1:30 p.m.**;

(5) The Court will hold a final pretrial conference on **December 15, 2020, at 11:00 a.m.** This date is also the new deadline for filing plea agreements in the record and providing reciprocal discovery;

(6) Motions *in limine* shall be filed on or before **December 28, 2020**; and

(7) Requests for special jury instructions shall be filed no later than **January 4, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

3